(16 Misc. Rep. 351.)

## MacKINSTRY v. SMITH.

(Supreme Court, Appellate Term, First Department.  March 23, 1896.)

1. ATTORNEY AND CLIENT—ACTION FOR SERVICES—COUNTERCLAIM.

In an action by an attorney against his client for professional services, the answer pleaded (1) a counterclaim; then (2) set up new matter not described either as counterclaim or a defense, but in which judgment for a sum of money as damages was demanded against the plaintiff; and (3) alleging "new matter as a defense," and similarly demanding judgment against the plaintiff. *Held* that, if it were a question of pleading, the plaintiff would not have been required to reply to the matters not expressly characterized by the answer as counterclaims, and if evidence establishing the facts were received under the allegations, an affirmative judgment in defendant's favor, or a set-off against the plaintiff's demand as upon a counterclaim, would be proper.

2. SAME—WAIVER.

The matters so alleged were that the plaintiff, while advising or claiming to act for the defendant was secretly aiding and advising the adverse parties, naming them. At the close of the testimony in the case the defendant asked the court to submit to the jury the question whether or not the plaintiff was entitled to recover at all by reason of his subsequent transactions with those parties. The court stated it would submit the case only upon the question of the value of the services, and not at all upon any question of counterclaim. The defendant's counsel then stated that he waived the counterclaim, because, since the action was brought, another action upon which the counterclaim was based was de-

cided in favor of the defendant. The record then stated that "defendant's counsel excepts." *Held*: (1) That the waiver of the counterclaim might be understood as a withdrawal of the whole subject of the allegations of the answer, there being no request for a submission of the matters pleaded as a defense as distinguished from a counterclaim. (2) That the request was for the submission to the jury of a question of law and not of fact, i. e. whether the plaintiff is entitled to recover upon a certain state of facts, and the refusal to submit was not error.

3. TRIAL—OBJECTIONS TO EVIDENCE.
   The record states: "Plaintiff's counsel reads letters which are marked in one of the packets or bundles of letters in evidence. Plaintiff's counsel also reads letter dated January 5, 1894. Objected to by defendant as not in evidence. Objection overruled. Defendant excepts." *Held* that, as the objection was not made upon the ground that the letter was not competent or admissible, and as not in evidence, it must be deemed that the only question raised was as to whether it was included among the letters in the packets or bundles in evidence; that this was a question for the court to decide, and there is nothing to show error in admitting it; and that the admission of the letter obviated the objection that it was not in evidence.

4. SAME.
   An objection was made to a paper offered in evidence, on the ground that it was incompetent, immaterial, and irrelevant. *Held*, that this objection did not raise the question of the due execution of the paper by the parties.

(Syllabus by the Court.)

Appeal from city court of New York, general term.

Action by Everett MacKinstry against Emma Condit Smith to recover for services rendered defendant by plaintiff as an attorney at law. From a judgment of the general term of the city court affirming a judgment entered on a verdict in favor of plaintiff, and affirming an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alexander Thain, for appellant.
Leonidas Dennis, for respondent.

DALY, P. J.    The plaintiff's action was to recover $930.30 for professional services in consultations with her and others in negotiations for loans and settlements, offering securities for sale, collecting moneys, recovering property, drawing instruments in writing, examining records, etc.    And the defense, besides a denial, set up (1) a counterclaim; (2) new matter, alleging that the plaintiff, while undertaking to advise the defendant, aided the adverse parties, to her damage in $1,600, for which she demanded judgment against the plaintiff; and (3) for a further defense alleged that the plaintiff, while claiming to act for and advise the defendant, secretly advised and aided the adverse parties, by which she was misled, to her damage in the sum of $1,000, for which she asks to recover judgment against the plaintiff.    Evidence was taken upon both sides, and the questions submitted to the jury were employment, and the rendition of services, and whether the plaintiff had been fully compensated by moneys collected.    At the close of the testimony defendant's counsel asked the court to submit to the jury the question whether or not the plaintiff was entitled to re-

cover at all by reason of his subsequent transactions with the persons named in the answer as the adverse parties whom, it is charged, he had secretly aided. The court said: "I will submit the case only upon the questions of value of the services, and not at all upon any question of counterclaim." The defendant's counsel then said: "I waive the counterclaim, because, since the action was brought, another action upon which the counterclaim was based was decided in favor of the defendant." The record then states: "Defendant's counsel excepts."

The question which the defendant's counsel asked the court to submit to the jury was one of law, i. e. whether the plaintiff was entitled to recover by reason of certain transactions. There was no request for an instruction of law, and no request for the submission of any question of fact. Refusal to submit a question of law to the jury was not error. But, if the request could be regarded as a request to submit any question of fact arising out of the transactions, or for any instruction of law, the subsequent waiver of the counterclaim might be understood as a waiver of the whole matters alleged in the answer with regard to the transactions in question. These transactions were embodied in two allegations of the answer. The first set up new matter, not described either as a defense or as a counterclaim, but alleging damage to the defendant in a certain sum, for which she asked to recover judgment against the plaintiff. Similar transactions were alleged in a separate "defense," in which, however, damages were alleged, and judgment for a specific sum demanded against the plaintiff. If it were a question of pleading only, this new matter set up in the answer, not being characterized as a counterclaim, would not have required a reply, although plaintiff did reply in this action. But, evidence having been taken under the allegations, if damages had been proved, the defendant would have been entitled to a reduction of the plaintiff's claim, or to an affirmative judgment as upon a counterclaim. Acer v. Hotchkiss, 97 N. Y. 395, 408. At the time of the request made by the defendant's counsel, it was available to the defendant to rely upon the matters alleged and proved, as a counterclaim as well as a defense; and the waiver of the counterclaim, without specifically claiming the benefit of the matters in evidence as a defense, did not apprise the court that the benefit of the defense was claimed. As is said above, the waiver might be understood as applying to the whole case as made out under the allegations.

The exceptions to the admission or exclusion of evidence do not show error. The case shows that:

"Plaintiff's counsel reads letters, which are marked in one of the packets or bundles of letters in evidence. Plaintiff's counsel also reads letter dated January 5, 1894. Objected to by defendant as not in evidence. Objection overruled. Defendant excepts."

The admission of the specific letter named is claimed to be error. If the objection was that the letter in question was not among those marked in the packets or bundles, that was a question of fact, for the court to decide upon inspection of the paper, and there is

nothing to show that its admission was improper. The objection does not raise any question as to the proof or admissibility of the letter,—only that it was "not in evidence." This objection was cured by its admission.

Another paper was admitted under objection that it was incompetent, immaterial, and irrelevant. This objection did not raise the question now argued, that it was not duly executed, not a binding or valid agreement, and that the defendant was not a party to it, or had any knowledge of it. It purported to be signed by her husband, and was introduced by the plaintiff to show a transaction concerning which the defendant had undertaken to testify.

The only other exception referred to on brief of the appellant is to the exclusion of proof which, it appears, was subsequently admitted, and which, in any event, was immaterial.

As the exceptions do not show error, the judgment and order must be affirmed, with costs. All concur.